IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GEORGE ZOIS,                              :

                   Plaintiff,             :    Case No. 3:08cv330

         vs.                              :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

                   Defendant.             :


---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#13) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING
COMMISSIONER'S DECISION THAT PLAINTIFF'S DISABILITY CEASED
ON MARCH 1, 2005, AND, THEREFORE, HE IS NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT AS OF THE END OF
MAY, 2005; TERMINATION ENTRY

---

        Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner which concluded that Plaintiff's disability

ceased on March 1, 2005, and that, therefore, he is not entitled to benefits under

the Social Security Act as of the end of May, 2005.  On May 27, 2009, the United

States Magistrate Judge filed a Report and Recommendations (Doc. #12),

recommending that the Commissioner's decision that Plaintiff's disability ceased on

March 1, 2005, and, therefore, he is not entitled to benefits under the Social

Security Act as of the end of May, 2005, be affirmed.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff's disability ceased on March 1, 2005, and that, therefore, he is not entitled to benefits under the Act, as of the end of May, 2005, was supported by substantial evidence.  The Plaintiff's Objections to said judicial filing (Doc. #13) are overruled.  Accordingly, said the decision of the Defendant Commissioner that Plaintiff's disability ceased on March 1, 2005, is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."

<u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir.

1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654

(6th Cir. 1982).  This Court's sole function is to determine whether the record as a

whole contains substantial evidence to support the Commissioner's decision.  The

Commissioner's findings must be affirmed if they are supported by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), citing <u>Consolidated Edison</u>

<u>Company v. NLRB</u>, 305 U.S. 197, 229 (1938); <u>Landsaw v. Secretary of Health and</u>

<u>Human Services</u>, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.  <u>Richardson</u>, <u>supra</u>, at 401; <u>Ellis v. Schweicker</u>, 739 F.2d 245, 248 (6th

Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as

would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  <u>Foster v. Bowen</u>,

853 F.2d 483, 486 (6th Cir. 1988); <u>NLRB v. Columbian Enameling and Stamping</u>

<u>Company</u>, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do

more than create a suspicion of the existence of the fact to be established... [I]t

must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury."

<u>LeMaster v. Secretary of Health and Human Services</u>, 802 F.2d 839, 840 (6th Cir.

1986), quoting <u>NLRB v. Columbian Enameling and Stamping Company</u>, <u>supra</u>.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      Were this Court hearing this matter, *de novo*, as the initial trier of fact, the result reached herein might well have been different. However, the Court's task in reviewing a decision of non-disability rendered by the Defendant Commissioner is

not to determine whether the record contains substantial evidence of continuing disability; rather, the Court's inquiry is limited to whether the Defendant Commissioner's decision that Plaintiff's disability ceased, as of a given date, is supported by substantial evidence. In this matter, the record is so supported.

2.    A thorough review of Judge Melvin Padilla's decision of March 7, 2007, from which the instant appeal is taken (Tr. 15-32), reveals that the Administrative Law Judge had substantial evidence upon which to base his rejection of the Opinions of Drs. Keys and Caldwell, substantial evidence which was clearly discussed in his Opinion (Tr. 26-27). As a non-exclusive example of same, this Court refers to the Report of Plaintiff's treating renal physician, Dr. Gupta, who noted that Plaintiff was a status post-pancreas-kidney transplant with stable function of both his pancreas and kidney, that he had chronic diarrhea which was off and on, and that Plaintiff had excellent allograft function. Dr. Gupta noted, on September 26, 2005, that Plaintiff reported that his hypertension, diarrhea, left extremity pain, etc., had resolved. (Tr. 160-65; 260; 329).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff's disability ceased on March 1, 2005, and, therefore, that he is not entitled to benefits under the Social Security Act as of the end of May, 2005, was supported by substantial

-5-

evidence. Plaintiff's Objections to said judicial filing (Doc. #13) are overruled.

Judgment will be ordered entered in favor of the Defendant Commissioner and

against Plaintiff herein, affirming the decision of the Defendant Commissioner that

Plaintiff's disability ceased on March 1, 2005, and, therefore, that he is not entitled

to benefits under the Act as of the end of May, 2005.


The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.



September 25, 2009                          /s/ Walter Herbert Rice
                                         WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT


Copies to:

George Zois, Pro Se Plaintiff
John J. Stark, Esq.
John L. Martin, Esq.
Charles R. Goldstein, Esq.